HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel: (212) 513 – 1183
Fax: (646) 572 – 8998
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
SHENZHEN KINGDAFENG PLASTIC &
HARDWARE PRODUCT CO., LTD.

       Plaintiff,                                               Civil Action No.:

       v.

PROJECT TRI-FORCE LLC; TRI-FORCE SALES,
LLC, DAVID PIERCE; ROBERT BARICEVIC;              **COMPLAINT and JURY DEMAND**
SUNRISE CAPITAL PARTNERS LLC; SCP
CRUSADER LLC; HEMANG MEHTA; NEVIL
SHAH; GREGORY FLOYD; JOHN DOE, JANE
DOE, fictitiously named parties, true name(s)
Unknown, and COMPANY ABC, COMPANY
XYZ, fictitiously named business entities, true
name(s) unknown.

       Defendants.
-------------------------------------------------------X

      Plaintiff, Shenzhen Kingdafeng Plastic & Hardware Product Co., Ltd., (hereinafter "Kingdafeng" or "Plaintiff"), by and through its undersigned counsel, by way of Complaint against the defendants Project Tri-Force LLC; Tri-Force Sales, LLC; David Pierce; Robert Baricevic; Sunrise Capital Partners LLC; SCP Crusader LLC; Hemang Mehta; Nevil Shah; Gregory Floyd, John Doe, Jane Doe, Company ABC, and Company XYZ (collectively referred to herein as "Defendants"), states as follows:

## THE PARTIES

1. Plaintiff Kingdafeng is a corporate duly incorporated in the People's Republic of China.

1

2. Plaintiff has an address of Block 30, Tantou Western Industry Zone, Sonngang, Baoan, Shenzhen, Guangdong, People's Republic of China.

3. Its business is in the production and sale of hardware/plastic toys, plastic products, electric toys, hardware products, electronic products and molds, as well the importation and exportation of goods and technologies.

4. Defendant Project Tri-Force LLC (hereinafter "Tri-Force") is a Delaware limited liability company, which is authorized to do business in the State of New York, which has a principal place of business in the County of New York, State of New York.

5. Tri-Force owns and operates a design, manufacturing and sales company at 767 Third Avenue, New York, NY.

6. In this case, Plaintiff Kingdafeng served as a supplier to Defendant Tri-Force with regard to projects done within the video-gaming industry.

7. Defendant David Pierce (hereinafter "Pierce") was the President and Chief Operations Officer (COO) for Defendant Tri-Force.

8. Defendant Robert Baricevic (hereinafter "Baricevic") is an individual residing in the City of New York, County of Queens, State of New York.

9. An entity owned and controlled by Defendant Baricevic, or Defendant Baricevic himself, is a sixty-percent (60%) owner and a Managing Member of Defendant Tri-Force.

10. Defendant Sunrise Capital Partners LLC (hereinafter "Sunrise") is a domestic limited liability company, registered in the State of New York.

11. Sunrise is located at 444 Madison Avenue, 34th Floor, New York, NY 10022.

12. Upon information and belief, Defendant SCP Crusader, LLC (hereinafter "SCP") is a Delaware limited liability company with a principal place of business at 245 Park Avenue, #44, New York, NY 10167.

2

13. Upon information and belief, Defendant Sunrise is the parent company of Defendant SCP.

14. Upon information and belief, Defendant Hemang Mehta (hereinafter, "Mehta") is an individual residing at 10 Barclay Street, Apt. 24H, New York, NY 10007.

15. Upon information and belief, Defendant Nevil Shah (hereinafter "Shah") is an individual residing at 21a Nob Hill Road, Roseland, NJ 07068

16. Upon information and belief, Defendant Gregory Floyd (hereinafter "Floyd") is an individual residing at 9 Manor Pond Lane, Irvington, NY 10533.

17. Defendants Mehta, Shah, and Floyd are investors and shareholders of Tri-Force.

18. Upon information and belief, Mehta, Shah, and Floyd collectively loaned money via SCP and/or Sunrise to Tri-Force and obtained 40,000 units of preferred stock in Tri-Force.

19. Upon information and belief, another company called Tri-Force Sales, LLC, owned by Defendant Baricevic received 60,000 units of preferred stock in Tri-Force.

20. Upon information and belief, Defendant John Doe and Jane Doe are individuals, true names unknown at this time, affiliated with the Defendants.

21. Upon information and belief, Defendants Company ABC and Company XYZ are business entities, true names unknown at this time, affiliated with the Defendants.

## JURISDICTION AND VENUE

22. Plaintiff brings its complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

23. The Court has jurisdiction over Plaintiff's additional state law claims pursuant to supplemental jurisdiction under 28 USC §1367.

24. Venue is proper in this district, pursuant to 28 U.S.C. §1391, based upon the fact that a substantial part of the events giving rise to Plaintiff's claims occurred within the Southern District of New York and multiple Defendants reside in this district.

## FACTUAL BACKGROUND

25. Plaintiff Kingdafeng has had a business relationship with Defendant Tri-Force for multiple years.
26. Plaintiff Kingafeng was a supplier for Defendant Project Tri-Force.
27. Plaintiff is bringing this action because it is owed no less than $1,000,000 based upon work done, merchandise delivered, and services rendered, for four main projects, as explained in this Complaint.
28. Additionally, Plaintiff has learned of fraudulent activities carried out by Defendants, which has necessitated the filing of additional claims.

### Project 1 - Genimex Purchase Orders

29. For purposes of this Complaint, the first of the four projects is labeled as "Genimex Purchase Orders".
30. Genimex is an agent of Defendant Tri-Force, and any promises made by Genimex are promises which Defendant Tri-Force is responsible for.
31. Among other things, Tri-Force would pay invoices for Genimex.
32. In addition, because Genimex is an agent of Defendant Tri-Force, Defendant Tri-Force is vicariously liable for all debts that its agent took on, on behalf of Tri-Force.
33. As part of this first project, there were many purchase orders associated with this work.
34. Genimex and Tri-Force eventually stopped making payments to Plaintiff for the monies owed to Plaintiff.

35. In September 2017, they owed Plaintiff the sum of $349,568.

36. After that point, Tri-Force made a payment of $550,000, however it allocated $367,436 as payment for certain Call of Duty charges (a different project), and only the remaining amount of $182,564 was to be applied to Genimex's outstanding balance pursuant to Tri-Force's instruction.

37. Therefore, Defendant Tri-Force still owes Plaintiff the sum of $167,004 for this project.

<u>Project 2 - YookaLaylee</u>

38. The second of four projects for which Defendant Tri-Force owes money to Plaintiff is known as the "YookaLaylee" project.

39. According to the May 2017 Purchase Orders and the May 2017 Debit Note, the order amount for this project was $176,406.

40. This was made up of: $1,515 for prototype work, $24,091 for molding work, and $150,800 for the FOB Unit Price.

41. Plaintiff did the work for Defendant Tri-Force, including prototype creation and tooling work.

42. Defendant Tri-Force paid $92,336 to Plaintiff on July 18, 2017.

43. Therefore, the remaining balance which Defendant Tri-Force owes to Plaintiff is $84,070.

<u>Project 3 – Crackdown</u>

44. The third of four projects for which Defendant Tri-Force owes money to Plaintiff is known as the "Crackdown" project.

45. Tri-Force initially placed an order in the amount of $233,151, with the following breakdown: $4,545 for Prototype work; $31,576 for molding work; and then $197,030 for the FOB unit price.

46. However, because Defendant Tri-Force changed its requirements, the new total order amount was higher.

47. Defendant Tri-Force paid only $14,181 on July 18, 2017.

48. Plaintiff incurred costs because of work completed, such as the modeling and creation of the prototype, and tooling.

49. Because Defendant Tri-Force breached the contract by failing to make the required payments, Plaintiff did not start large volume production.

50. Pursuant to the purchase order, Plaintiff suffered damages, including without limitation 100% prototype costs, 100% tooling costs, and 30% of the mass production payment.

### Project 4 - Call of Duty

51. The last project for which Defendant Tri-Force owes money to Plaintiff is known as the "Call of Duty" project.

52. According to the September 2, 2017 Purchase Order, Defendant Tri-Force's order amount was $1,079,887.

53. This includes work for prototype and tooling work.

54. The sum of $6,212 was owed for prototype work, the sum of $113,333 was owed for molding work, and the sum of $960,342 was owed as the FOB Unit Price.

55. Defendant Tri-Force has paid Plaintiff the sum of $40,212, as part of the $150,000 payment Defendant Tri-Force made on July 18, 2017.

56. Defendant Tri-Force has also paid Plaintiff the sum of $367,436, as part of the $550,000 payment on September 14, 2017.

57. Therefore, at this point, Defendant owes the sum of $672,239.

58. Plaintiff fulfilled its obligations and all merchandise was delivered as promised.

59. In connection with the outstanding balance for the above four projects, Plaintiff received only two payments.

60. The first payment of $150,000 was received on or about July 18, 2017.

61. The second payment of $550,000 was received on or about September 14, 2017.

62. Plaintiff suffered damages estimated to be no less than $1,000,000.00.

The Fraud

63. In October 17, 2017, due to the large outstanding balance owed by Tri-Force, Plaintiff requested Tri-Force to make a payment.

64. In an October 17, 2017 email, Defendant David Pierce, the President and COO of Defendant Tri-Force, promised that Tri-Force would immediately pay the sum of $750,000 and in exchange Plaintiff would release certain bills of lading.

65. Plaintiff reasonably relied on David Pierce's promises.

66. Plaintiff released the bills of ladings.

67. Yet, Defendant Tri-Force did not fulfill its obligations, and did not pay the money to Plaintiff as promised.

68. Defendants knew Tri-Force was unable to make a $750,000 payment to Plaintiff at that time. Nonetheless, Tri-Force made such a material misrepresentation to Plaintiff.

69. According to statements in a letter of an officer of Tri-Force which Plaintiff recently discovered, Tri-Force had a practice of mispresenting its cash position.

70. Tri-Force did not intend to pay $750,000 to Plaintiff at that time. Nonetheless, Tri-Force made such a material misrepresentation to Plaintiff.

71. Plaintiff released the bills of lading but did not receive the payment promised by Tri-Force.

72. Plaintiff was defrauded.

### Additional Fraudulent Conduct Carried Out by Defendants

73. Upon information and belief, Defendant Mehta, Defendant Shah, and Defendant Floyd of Defendant Sunrise and SCP invested in Defendant Tri-Force and became shareholders in Defendant Tri-Force.

74. Defendant Mehta, Defendant Shah, and Defendant Floyd thereafter withdrew the money from Defendant Tri-Force arbitrarily, thereby disregarding the corporate formalities, which is not permitted.

75. Upon information and belief, at least some of the money withdrawn from Tri-Force was used for Defendants Sunrise Capital Partners LLC and SCP Crusader LLC's other investment purposes.

76. Defendants Mehta, Shah, and Floyd transferred millions of dollars from Tri-Force to entities owned or controlled by them.

77. As another example, according to the 2016 Financial Statement prepared for Defendant Tri-Force, "The Company has made non-interest bearing advances to entities controlled by the members. Advances were $987,926 at December 31, 2016…"

78. Defendant Tri-Force's making of non-interest bearing advances to entities controlled by its members means that potential creditors of Defendant Tri-Force, such as the Plaintiff named in this action, are entitled to bring a fraudulent conveyance claim.

79. The 2016 First Republic Bank statements for the Defendant Tri-Force operating account contain much information about unexplained transfers.

80. In 2016, a total of $1,457,077.91 was transferred from the Defendant Tri-Force operating account to an account within First Republic Bank ending in 3557.

81. $49,580.96 was paid back leaving a total outstanding amount as of December 31, 2016, of $1,407,496.95.

82. In 2016, a total of $655,038.25 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 3808.

83. $470,265.29 was paid back leaving a total outstanding balance as of December 31, 2016 of $184,772.96.

84. In 2016, a total of $928,953.10 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 4663.

85. $613,073.10 was paid back leaving a total outstanding amount as of December 31, 2016 of $315,880.00.

86. In 2016, a total of $150,000.00 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 4822.

87. $134,070.00 was paid back leaving a total outstanding amount as of October 31, 2016 of $15,930.00

88. In 2016, a total of $227,422 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 6990.

89. $227,500 was paid back, leaving a negative total outstanding amount as of December 31, 2016 of $78.

90. Between January 1, 2017 and July 31, 2017, a total of $394,259.07 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 3557.

91. No money was paid back in 2017 leaving an outstanding balance for 2017 of $394,259.07.

92. From January 1, 2017 to July 31, 2017, a total of $1,665,331.00 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 3808.

93. $963,428 was paid back in 2017 leaving an outstanding balance for 2017 of $701,903.

94. From January 1, 2017 to July 31, 2017, a total of $447,394 was transferred from the Defendant Tri-Force Operating Account to an account within First Republic Bank ending in 4663.

95. $395,519 was paid back in 2017 leaving an outstanding balance for 2017 of $51,875

96. The above transactions are only examples, and there may be additional transfers.

97. These interest-free advances are improper and have caused Defendant Tri-Force to have limited amounts of money in its bank account.

98. These conveyances were made solely with the intent to defraud.

99. As a creditor of Defendant Tri-Force, Plaintiff has been harmed, and continues to be harmed, as a result of the above-described fraudulent conduct.

100. Because of the relationships between Project Tri-Force LLC, Sunrise Capital Partners LLC, SCP Crusader LLC, and its shareholders, each of the Defendants in this lawsuit should be held jointly and severally liable for Plaintiff's damages.

## COUNT I
*Breach of Contract*

101. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

102. Plaintiff and Defendants entered in multiple agreements, as memorialized by purchase orders and other written communications, regarding Plaintiff rendering its services in exchange for Defendants' payment of monies.

10

103.    Plaintiff fulfilled its obligations under the agreements but Defendants breached those obligations by failing to pay Plaintiff the agreed upon sums.

104.    Despite Plaintiff's multiple requests and multiple attempts to be paid, and despite Defendants' multiple, repeated, assurances that it would pay the monies owed, Defendants have failed to pay the monies.

105.    As a result, Plaintiff has been damaged in an amount to be determined at trial, but an amount no less than the monetary figures set forth in this Complaint.

## COUNT II
*Conversion*

106.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

107.    Defendants intentionally interfered with Plaintiff's right of possession of the merchandise.

108.    By reason of the foregoing, Plaintiff has incurred, and will continue to incur, damages.

## COUNT III
*Promissory Estoppel*

109.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

110.    Plaintiff reasonably relied on Tri-Force's promises, including without limitation its promises in connection with the Crackdown Project.

111.    By reason of the foregoing, Plaintiff has incurred, and will continue to incur, damages.

## COUNT IV
*Fraud*

112. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

113. Based upon the above-mentioned actions and communications of Defendants, including Defendants' continued assurances of their intention to pay Plaintiff the monies owed to it, Defendants have provided false and misleading information to Plaintiff.

114. Defendants knew or should have known that the information they presented to Plaintiff regarding the payment for projects, and the work involved in executing these projects, was false and misleading.

115. Defendants intentionally made misrepresentations about their intent to follow through on the agreements they made regarding the payment of purchase orders, and the execution of the different steps required in fulfilling the four projects.

116. Defendants purposefully assured and reassured Plaintiff that Defendants would fulfill their obligations under the parties' agreements, including the aforementioned $750,000 payment in exchange for certain bills of lading, despite Defendants having had no intentions of doing so.

117. Plaintiff reasonably relied on the information provided by Defendant as part of its decision to continue doing production for the four projects.

118. As a result of Defendants' misrepresentations and fraud, and Plaintiff's reliance, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
*Fraudulent Conveyance*

119. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

120. There are multiple bases for the assertion of a fraudulent conveyance claim, as set forth above and herein in great detail.

121. Each of the actions set forth herein, which were taken by the Defendant shareholders of Defendant Tri-Force, constituted a fraudulent conveyance, as that term is defined by the common law and by New York statutory authority.

122. The above transactions are only examples, and there may be additional transfers.

123. These interest-free advances are improper and have caused Defendant Tri-Force to have limited amounts of money in its bank account.

124. These conveyances were made solely with the intent to defraud.

125. These conveyances rendered Defendant Tri-Force insolvent and unable to pay money owed to Plaintiff.

126. As a result of these fraudulent conveyances by Defendants, Plaintiff has suffered, and continues to suffer, damages.

127. Defendants are therefore liable to Plaintiff for damages in an amount to be determined at trial.

### COUNT VI
*N.Y. Debtor & Credit Law §273*

128. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

129. The Defendant shareholders of Defendant Tri-Force, in exercising their domination and control over Defendant Tri-Force, conveyed that company's funds to themselves and/or third-parties without fair consideration.

130. Those conveyances have rendered Defendant Tri-Force significantly more insolvent.

131. By reason thereof, Plaintiff has incurred and continues to incur damages.

132. The Defendants are therefore jointly and severally liable to Plaintiff for said damages.

## COUNT VII
*N.Y. Debtor & Credit Law §274*

133. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

134. The Defendant shareholders of Defendant Tri-Force, in exercising their domination and control over Defendant Tri-Force, conveyed that company's funds to themselves and/or third-parties without fair consideration.

135. Those conveyances have left Defendant Tri-Force with unreasonably small capital and are fraudulent as to Plaintiff, who has become a creditor during the continuance of Defendant Tri-Force.

136. By reasons thereof, Plaintiff has incurred, and continues to incur, damages.

137. The Defendant shareholders of Defendant Tri-Force are therefore jointly and severally liable to Plaintiff for said damages.

## COUNT VIII
*N.Y. Debtor & Credit Law §275*

138. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

139. The Defendant shareholders of Defendant Tri-Force, in exercising their domination and control over Defendant Tri-Force, conveyed that company's funds to themselves and/or third-parties without fair consideration.

140. At all relevant times, the Defendant shareholders of Defendant Tri-Force were fully aware of their illegal conduct and the debt that they would incur for these illegal activities.

141. These Defendant shareholders, when conveying Defendant Tri-Force's funds to themselves, were fully aware that Defendant Tri-Force would incur debts beyond its ability to pay as they mature.

142. By reasons thereof, Plaintiff has incurred, and will continue to incur, damages.

143. Accordingly, Defendants are jointly and severally liable to Plaintiff for its damages.

## COUNT IX
*N.Y. Debtor & Credit Law §276*

144. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

145. The Defendant shareholders of Defendant Tri-Force, in exercising their domination and control over Defendant Tri-Force, conveyed that company's funds to themselves and/or third-parties without fair consideration, with the intent to hinder, delay, or defraud Plaintiff.

146. By reason thereof, Plaintiff has incurred, and continues to incur, damages.

147. Accordingly, Defendants are jointly and severally liable to Plaintiff for its damages.

## COUNT X
*Piercing the Corporate Veil/Alter-Ego Liability*

148. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein and further alleges the following.

149. The Defendant shareholders of Defendant Tri-Force, through their exercise of complete dominion over Tri-Force, have actively executed and allowed the execution of improper and/or fraudulent transactions and conveyances.

150. Their dominion was therefore used to commit a fraud or wrong against Plaintiff, which resulted in Plaintiff's injury.

151. The Defendants transferred large amounts of money from Tri-Force, which was not for Tri-Force's corporate purposes.

152. The Defendants disregarded the corporate formalities of Defendant Tri-Force by causing Defendant Tri-Force to fraudulently transfer assets in order to avoid creditors.

153. The Defendants commingled Tri-Force's corporate finance with other entities they owned or controlled.

154. The Defendants set up multiple entities for the purpose of defrauding their creditors.

155. By reason of the foregoing, the Defendants are therefore alter-egos of each other, thereby making each jointly and severally liable to Plaintiff for the damages which Plaintiff has suffered.

156. The Court should allow Plaintiff to pierce the LLC's veil, and hold all defendants liable.

157. Plaintiff has been damaged in an amount to be determined at trial, together with interest, plus costs, expenses, and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) Judgment in an amount to be determined;

(b) Compensatory damages estimated to be no less than $1,000,000.00;

(c) Consequential damages;

(d) Restitution Damages;

(e) Punitive damages for Defendants' willful violations;

(f) Costs, Disbursements, Reasonable attorneys fees, and pre-judgment and post-judgment interest; and

(g) Any Further relief the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

HENG WANG & ASSOCIATES, P.C.

Dated: May 3, 2018
New York, NY

By: Heng Wang, Esq.
305 Broadway, Suite 1000
New York, NY 10007
T: (212) 513-1183
F: (646) 572-8998

heng.wang@wanggaolaw.com